MARTIN A. RICH ET AL., PLAINTIFFS IN ERROR, v. HIRAM
SAVAGE ET AL., DEFENDANTS IN ERROR.

1. Replevin: RETURN OF PROPERTY. One B., as surety upon
an undertaking in replevin, after judgment against him for a.
return of the property or its value, took the property in contro-
versy under a chattel mortgage from R. to whom it had been
sold, and delivered it to the party entitled to it under the judg-
ment in satisfaction thereof. *Held*, That he thereby surren-
dered his claim under the mortgage.

2. ———: ———: QUESTION FOR JURY. R. and G. purchased
a well auger and appliances from M., while an action for the-
possession of the same was pending between M. & S. Judg-
ment was rendered in favor of S., when B., one of the sureties
on the undertaking in replevin, obtained possession of the prop-
erty under a mortgage and delivered it to S. *Held*, That the
question whether such delivery was with the assent of R. and
G. was properly submitted to the jury.

ERROR to the district court for Gage county. Tried
below before WEAVER, J.,

*Colby & Hazlett*, for plaintiffs in error.

*Bush & Rickards*, for defendants in error.

MAXWELL, J,

This is an action of replevin brought by the plaintiffs.
against the defendants, to recover the possession of a well
auger and appliances.

The defendants in answer to the petition allege in sub-·
stance, that on the 5th of May, 1879, Hiram Savage,
one of the defendants herein, recovered a judgment in
the district court of Gage county, against Samuel May-·
berry, for the possession of the property in question, and
that the issues presented in said action were the same as
are presented in this case, and that the plaintiffs pur-
chased the interest of said Mayberry in said property,
while said action was pending, and are bound by the·

judgment in favor of the defendant. To this answer the plaintiffs filed a reply in which they admit the recovery of the judgment; admit that they purchased the interest of Mayberry in the property in controversy while the action between Savage and Mayberry was pending, and state in substance, that after the judgment in favor of Savage, one James Boyd, one of the sureties on the undertaking in replevin for Mayberry, obtained possession of the property in dispute under a chattel mortgage, given by Mayberry to him, to secure the sum of $75.00, and delivered said property to Savage in satisfaction of said judgment in replevin. That afterwards, and prior to bringing this action, said Boyd released for a time his right to the possession of the property in question, under said chattel mortgage, and authorized the plaintiffs to take possession of said property, etc. On the trial of the cause in the court below the jury found in favor of the defendants, and that the value of the property was the sum of $200.00. A motion for a new trial having been overruled judgment was entered on the verdict.

There is testimony tending to show that the plaintiffs gave their consent to Boyd's taking the property in dispute under his mortgage, and delivering it to Savage, in satisfaction of the judgment. This being the case, the court instructed the jury as follows:

"The plaintiffs in their reply in this cause state that James Boyd, prior to the time of the delivery of the property in controversy to the defendant Savage, had a chattel mortgage on said property for seventy-five dollars, and that Boyd having the property in possession by virtue of said mortgage, delivered the same to the defendant, in satisfaction of a certain judgment and heretofore rendered; and the reply of plaintiffs further says that James Boyd is one of the parties against whom the judgment existed. This delivery of Boyd conveyed all of his interest to the defendants, and the court instructs you that

Rich v. Savage.

from these facts set up in plaintiffs' reply the defendants have a right to recover, and the value of their possession was at least equal to the amount of Boyd's interest as shown by the reply, viz: $75.00, and interest on the same at seven per cent since the commencement of this suit."

"And now, if you shall find from the evidence that the plaintiffs in this suit consented, for the said Boyd, to deliver the said property in controversy to the defendants, in satisfaction of the judgment mentioned in the reply, then you will find that the defendants were the owners of the property at the commencement of this suit, and find, what the value of the property was at that time, and assess the defendants' damages at such amount as may be just and proper for the unlawful taking of said property by the plaintiffs."

The first of these instructions is based upon the fact that a judgment for a return of the property in controversy, or its value, had been rendered against Mayberry, and that Boyd was one of the sureties upon the undertaking, and liable to pay the judgment. Boyd therefore, instead of paying the value of the property, took possession of it under an alleged chattel mortgage, and delivered it to the party entitled to it under the judgment, and so discharged his liability. This delivery seems to have been made without any conditions, and Boyd thereby seems to have surrendered his claim. If this was not so he could have delivered the property to Savage, and thereby have obtained satisfaction of the judgment, and immediately thereafter have claimed the property under the mortgage. This he could not do, and there is no error in the instruction.

The second instruction is predicated upon the testimony tending to show the consent of Rich to the delivery of the property to Savage in satisfaction of the judgment. It is claimed that the testimony does not warrant the instruction, but we think it does. In fact, in

reading the testimony upon that point, we are led to believe that there was a scheme to use this property to satisfy the judgment in favor of Savage, and immediately after such satisfaction claim the property as belonging to the plaintiff.

Honesty and fair dealing do not require so many shifts and devices, and, in our opinion, the instruction was proper. The value of the property was fixed by the plaintiff, Rich, at $200.00, and his is the only testimony upon that point. The defendants are entitled to a return of the property—not a portion of it—or its value in money. They are therefore entitled to the amount of the judgment. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.